UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
AMADU S SIRYON, JR. and BEATRICE )
CHIE-SIRYON, )
 )
      Plaintiffs, )
 )
      v. )   Civil Action No. 13-12501-LTS
 )
ENCORE CAPITOL GROUP, INC., et al., )
 )
      Defendants. )
 )

MEMORANDUM AND ORDER

June 8, 2015

SOROKIN, D.J.

    For the reasons stated below, the Court dismisses this action for lack of subject matter jurisdiction.

BACKGROUND

    On October 21, 2013, the Clerk received for filing a complaint in which Chie-Siryon and Siryon are identified as the plaintiffs. The caption also identifies "Philip C. Ofume & Associates and Limpt, Inc. (Human Rights, Education & Workforce Project) ("Ofume") as "Intervenors/Advocates-Plaintiffs-International Affordable Habitat Civil Rights Advocates." The complaint is signed by Chie-Siryon, who also filed a motion for leave to proceed in forma pauperis.

    According to the complaint, in 1991 the plaintiffs entered into a variable rate mortgage agreement with Encore & Washington Mutual–which later became Washington Mutual–by which they were able to purchase real property located at 30 Courtland Street in Mattapan, Massachusetts ("Property"). In 2009, the plaintiffs unsuccessfully sought a modification of the interest rate on the mortgage. Through a series of alleged events that are not clearly set forth in the complaint, an individual named Christopher Anderson, an owner, officer, or principal of HS

Land Trust, became the owner of the Property and then offered to allow the plaintiffs to be tenants:

> Plaintiff filed an application to request approval for $ 200,00 and it was approved. Plaintiff retained an assessor to assess the property. They valued building at $179,000. Mr. Anderson or Defendant unlawfully emerged from nowhere and claimed ownership of the disputed property and became one of the illegal owners of Plaintiff home. Mr. Anderson want hit and run and swiftly told Plaintiffs that he wasnt to sell their home for 380,000.00. The disruptive show up of Mr. Anderson forced Boston Community Capital to withdraw the loan.
>
> Long process of falsification of lease/rental papers, mortgage and retaining multiple crooks to seize and sell the properties of the minorities communities across the United States under fee fraud put in place by HS Land Trust, and Christopher Anderson. Shocking to the Plaintiffs, Mr. Christopher Anderson said if you want your property or home I can rent to own it and I will draw up a lease agreement.

Compl. ¶¶ 5-6 (as in original). The plaintiffs allege that they were deceived into signing papers that they were not allowed to read. Anderson and HS Land Trust allegedly harassed the plaintiffs and one of the plaintiff's fathers, resulting in the father's death. Thereafter, the plaintiffs' landlord sought to evict them. Included as an exhibit to the complaint is a copy of an October 21, 2013 Execution On Judgment For Summary Process issued by the Boston Housing Court indicating that on October 15, 2013, HS Land Trust was awarded judgment against the plaintiffs and ten other residents of the Property. See Ex. to Compl., p. 4 (docket entry #1-1, p. 4). The plaintiffs claim that the summary process proceeding in the Boston Housing Court proceeded "under crook collaboration between the Judge, Clerks/Magistrates and Housing Specialists." Id. ¶ 8. The plaintiffs also maintain that the Boston Housing Court was "without personal and subject matter jurisdiction to take this cased [sic] because the case involved federal entities and majority of stake holders are federal institutions." Id.. The plaintiffs "request emergency order to transfer all the proceedings below to this Court." Id. They state that the issues in the present action are "whether this court and court below have personal and subject matter jurisdiction or entertain this case" and whether "the Court below erred when it failed to review the faultless history of the operating mortgage before ordering the stop to issues execution on October 21.2013 to enable these so called real estate investor or for a better word

house flipper who are praying on poor minority communities of color." Id. ¶¶ 30, 31.

The complaint states that intervenor Ofume has done extensive research and that the actions of the defendants are part of a widespread deliberate failure by the defendants and other financial institutions to ensure that eligible homeowners receive mortgage modifications instead of losing their homes to foreclosure. The complaint does not contain any allegations that Ofume has been injured by the alleged misconduct of the defendants.

## DISCUSSION

Because one plaintiff is proceeding in forma pauperis, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). Further, a court has an obligation to inquire sua sponte into its own subject matter jurisdiction, see McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12(h)(3). In conducting this review, the Court liberally construes the plaintiffs' complaint because they are proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Here, the complaint must be dismissed for lack of jurisdiction. When the plaintiffs came to this Court seeking a "transfer" of this case, the action was already over in state court. The publically available docket of HS Land Trust, LLC v. Chie-Siryon, et al., 12H84SP003852 (Boston Hous. Ct.) indicates that, after a trial, the parties entered an agreement of judgment on June 4, 2013.[1] Chie-Siryon then moved to set aside the agreement of judgment. The motion judge denied the relief, and Massachusetts Appeals Court found that the judge had not abused his discretion. See HS Land Trust, LLC v. Chie-Siryon, 86 Mass. App. Ct. 1110 (table), 2014

---

[1]Public access to certain trial court dockets is available through
http://www.masscourts.org/eservices/home.page.

WL 4328195 (Sept. 3, 2014). The trial court entered judgment on October 15, 2015 and final execution issued the day the plaintiffs filed the present action.

In the present action, the plaintiffs are asking this Court to review the judgment of the Boston Housing Court and come to a different conclusion. However, under the Rooker-Feldman doctrine, the Court lacks jurisdiction to do so. This Court, as a court of original jurisdiction, lacks appellate jurisdiction over the final judgment of a state court. See Geiger v. Foley Hoag LLP Retirement Plan, 521 F.3d 60, 65 (1st Cir. 2008). In other words, the doctrine "bars parties who lost in state court from 'seeking review and rejection of that judgment' in federal court.'" Puerto Ricans for Puerto Rico Party v. Dalmau, 544 F.3d 58, 68 (1st Cir. 2008) (quoting Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005)); see also D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

The Rooker-Feldman is not the only jurisdictional bar to this action. Federal courts are of limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'" Fafel v. Dipaola, 399 F.3d 403, 410 (1st Cir. 2005) (quoting Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982)).

The plaintiffs imply that jurisdiction exists in this Court because the case "involve[s] entities and majority of stake holders are federal institutions," Compl. .¶ 8. This assertion, however, does not provide a basis for subject matter jurisdiction. Although federal district courts have original jurisdiction over certain actions against the United States, see 28 U.S.C. § 1346, the defendants, even if regulated or insured by the United States, are private institutions.

Federal district courts may also exercise jurisdiction over civil actions arising under federal laws, see 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332 ("§ 1332"). Neither circumstance applies here. The plaintiffs have not specifically pled, nor can the Court discern, a claim arising under federal law. Although the plaintiffs refer to the federal Home Affordable Modification Program, that statute does not provide a private right of action.

4

See Sinclair v. Citi Mortg., Inc., 519 Fed. Appx. 737, 739 (3d Cir. 2013) (per curiam); Wigod v. Wells Fargo Bank, N.A., 673 F.3d 547, 549 n.4 (7th Cir. 2012); Miller v. Chase Home Fin., LLC, 655 F.3d 1113, 1116 (11th Cir. 2012) (per curiam).

Diversity of citizenship also does seem to be improbable. Where a party seeks to invoke the jurisdiction of a federal district court under § 1332, the parties must be of complete diversity. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). Complete diversity does not exist where any defendant and any plaintiff are citizens of the same state. See id. Here, the plaintiffs identify themselves as long-time residents of Boston and they also represent that HS Land Trust is a Massachusetts corporation.

## ORDER

For the foregoing reasons, the Court orders that this action be dismissed for lack of subject matter jurisdiction. The motion to intervene shall be terminated as moot.

SO ORDERED.

  /s/ Leo T. Sorokin
UNITED STATES DISTRICT JUDGE